UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CASTRO, | No. 2:20-cv-1259 WBS AC |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

1   cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
2   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
5   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
6   content that allows the court to draw the reasonable inference that the defendant is liable for the
7   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
8   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
9   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
10  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12      III.    Complaint

13      Plaintiff brings suit against Ralph Diaz, who was the Director of CDCR at the time the
14  complaint was filed, and several officials and employees of Mule Creek State Prison: Warden Joe
15  Lizarraga; Associate Warden M. Williams; Captain B. Stacy; Sgt. K. Prather; Officer Barney; and
16  Does 1-100. ECF No. 1 at 2. The single cause of action arises from a "slip and fall" incident at
17  MCSP. Id. at 3.

18      Plaintiff alleges that he was injured when he fell on a flooded floor during his work shift
19  in the MCSP dining hall on October 18, 2018. Id. at 3-4. Plaintiff had complained to Officer
20  Barney and "free staff Ms. Fredrickson" (who is not named as a defendant) two to three weeks
21  earlier about plumbing problems that were causing flooding. Plaintiff had repeatedly asked
22  Officer Barney to "make a call to plumbing," but Barney negligently ignored the complaints. Id.
23  at 3. Barney told plaintiff to call plumbing himself, even though he knew that plaintiff did not
24  have access to the phone to do so. Id. at 4. Sgt. Prather and Officers Barney and Jenkins all saw
25  how bad the flooding was on the day of the incident, before plaintiff fell. Id. at 3. Although Sgt.
26  Prather responded to plaintiff's inmate grievance in part by stating that "wet floor" signs had been
27  posted, there were no such signs in the Tray Scullery where the incident occurred. Due to a
28  medical condition, plaintiff cannot wear state-issued non-slip boots. Id. at 4.

Plaintiff suffers chronic muscle pain, headaches, and muscle spasms as the result of his injuries. Id. He seeks damages and injunctive relief. Id. at 5-6.

IV.     Claims for Which a Response Will Be Required

Prison officials violate an inmate's rights under the Eighth Amendment when they are aware of an excessive risk to plaintiff's safety, and deliberately ignore it. See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994). Plaintiff has adequately alleged that Officer Barney knew in advance of the excessive risk posed by flooding in plaintiff's work area, and deliberately ignored the danger. Construed liberally, plaintiff's allegations rise to the level of deliberate indifference. Accordingly, Officer Barney will be required to respond to the complaint.

To the extent that plaintiff seeks injunctive relief affecting institutional protocols for responding to plumbing issues and/or dangerous conditions, ECF No. 1 at 5, the Warden appears to be a proper defendant. See Colwell v. Bannister, 763 F.3d 1060, 1071 (9th Cir. 2014) (warden may be appropriate defendant for injunctive relief without having been personally involved in constitutional violation (quoting Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013)). At the time that service of the complaint is ordered, the court will also direct the substitution of the current warden for named defendant Lizarraga.

V.      Failure to State a Claim

A prison official is liable under 28 U.S.C. § 1983 when he performs an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation of an inmate's constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). No defendant can be liable for an unsafe condition on the basis of his or her general supervisory or administrative responsibilities, as there is no respondeat superior liability under § 1983. See Iqbal, 556 U.S at 676; Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). A plaintiff claiming an Eighth Amendment violation must plead specific facts showing that each defendant acted with deliberate indifference to his safety, which is a subjective state of mind more culpable than negligence. See Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998).

Defendants Jenkins and Prather are alleged to have seen the flooding on October 18, 2018 before plaintiff's fall, but there are no facts showing that they knew about the danger in time to

1  have prevented it, let alone that they were subjectively aware of the excessive risk to plaintiff and
2  deliberately disregarded it.  The allegations fail to state a viable claim for relief against these
3  defendants.[1]

4  　　　The complaint contains no facts implicating Associate Warden Williams, Captain Stacy,
5  or the Director of CDCR.  Their administrative roles and supervisory authority are insufficient to
6  support liability.  See Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  As previously
7  noted, the Warden is the appropriate defendant for purposes of injunctive relief.  Absent facts
8  showing that Williams, Stacy and Diaz were personally and subjectively aware of an excessive
9  risk to plaintiff's safety, which they deliberately ignored, plaintiff cannot maintain a claim against
10 these defendants.

11 　　　Finally, the complaint contains no allegations that any specific unidentified officials were
12 aware of an excessive risk to plaintiff's safety, and deliberately ignored it.  Accordingly, plaintiff
13 has not stated a claim against any Doe defendant.

14 　　　VI.　　Leave to Amend

15 　　　For the reasons set forth above, the court finds that the complaint does not state a
16 cognizable claim against Jenkins, Prather, Williams, Stacy, Diaz, or any Doe defendant.
17 However, it is possible that plaintiff may be able to allege facts to remedy this, and he will be
18 given the opportunity to amend the complaint if he desires.

19 　　　Plaintiff may proceed forthwith to serve Officer Barney and the current Warden on his
20 Eighth Amendment claim alleging deliberate indifference to an unsafe condition, or he may delay
21 serving any defendant and amend the complaint.

22 　　　Plaintiff will be required to complete and return the attached notice advising the court how
23 he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to
24 file an amended complaint.  If plaintiff elects to proceed on his claims against Officer Barney and
25 the Warden of MCSP without amending the complaint, the court will proceed to serve the

---

[1] Prather's response to plaintiff's inmate appeal does not support liability.  See Lewis v. Ollison, 571 F.Supp.2d 1162, 1170 (C.D. Cal. 2008) ("participation in the prison grievance process does not give rise to a cause of action.").

complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of defendants Jenkins, Prather, Williams, Stacy, Diaz, and Does 1-100.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims and some do not. You have alleged facts showing that Officer Barney knew of an excessive risk to your safety and deliberately ignored it, so you have successfully stated an Eighth Amendment claim against him. This claim

requires a response.  Because the current Warden of MCSP is the appropriate defendant for purposes of injunctive relief, you may also proceed against that defendant.

You have not stated a claim against the other named defendants.  Defendants Jenkins, Prather, Williams, Stacy, Diaz and Doe can only be liable if you allege facts as to each of them showing their deliberate indifference.  That means you need facts showing that each defendant personally knew that you faced an excessive risk to your safety, and deliberately ignored it.

You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment deliberate indifference claim against Officer Barney and the Warden of MCSP, and voluntarily dismiss the other claims; or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your Eighth Amendment deliberate indifference claim against defendants Jenkins, Prather, Williams, Stacy, Diaz, and Does 1-100.

If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

    3.  Plaintiff's claims against defendants Jenkins, Prather, Williams, Stacy, Diaz, and Does 1-100 do not state claims for which relief can be granted.

    4.  Plaintiff has the option to proceed immediately on his Eighth Amendment deliberate indifference claim against Officer Barney and the Warden of MCSP as set forth in Section IV above, or to amend the complaint.

    5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against defendants Jenkins, Prather, Williams, Stacy, Diaz, and Does 1-100.

DATED: December 17, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CASTRO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-1259 WBS AC<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his Eighth Amendment deliberate indifference claim against Officer Barney and the Warden of MCSP without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants Jenkins, Prather, Williams, Stacy, Diaz, and Does 1-100.

\_\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　JOSEPH CASTRO
　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1